IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY DORAN HALPRIN,**

    **Plaintiff,**

    v.                                                                 CASE NO. 25-3117-JWL

**KATHLEEN M. LYNCH, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On July 3, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 5).

Plaintiff's claims relate to his state court criminal proceedings. Plaintiff alleges that Judge Lynch found him guilty of stalking in Case No. 24-DM-628. Plaintiff alleges that Judge Lynch, along with Judges Henry and Cahill, adjudged him incompetent in Case No. 2024-CR-000313 "in order to coverup crimes to wit murder, etc." (Doc. 1, at 4.)

Plaintiff's Complaint includes background information on the investigation that followed after he found his best friend's dead body in an abandoned house in 2015–2017, and regarding bullet indentions he found in the windows of various businesses. *Id*. at 3, 6–7, and 9. Plaintiff also attaches what appears to be filings in his stalking case. *Id*. at 11–12.

Plaintiff names Judge Kathleen M. Lynch, Judge Renee S. Henry, and Judge Daniel Cahill, as defendants. For relief, Plaintiff seeks to have Judge Lynch arrested; to have a Wyandotte

1

County "legal branch" investigation; to have his record expunged; and compensatory damages in the amount of $7,261,985. *Id*. at 5.

The Court found in the MOSC that to the extent Plaintiff's claims relate to his state criminal proceedings in Wyandotte County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court found that Plaintiff's criminal proceedings based on the violations of a protective order and stalking were ongoing. *See State v. Halprin*, Case No. 2025-CR-000173 (District Court of Wyandotte County, Kansas). Online records show that the case is set for a pretrial conference on October 17, 2025, and for trial on November 3, 2025. *Id*. Plaintiff's criminal case based on criminal damage to property was scheduled for a probation violation hearing on July 11, 2025. *See State v. Halprin*, Case No. 2024-CR-000313 (District Court of Wyandotte County, Kansas). That case was also set for a pretrial conference on October 17, 2025. *Id*.

The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Wyandotte County, Kansas. The Court also found that Plaintiff names three state court judges as the only defendants. State court judges are entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action

he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity. The Court ordered Plaintiff to show good cause why his claims against the state court judges should not be dismissed based on judicial immunity.

Plaintiff's response to the MOSC fails to address the deficiencies noted in the MOSC and is largely incomprehensible. *See* Doc. 5. Plaintiff indicates that by the time the response is received "you all will be arrested as well bound over for execution." *Id*. at 1. Plaintiff also suggests that he is withdrawing his request for compensatory damages based on immunity. *Id*. at 2.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk is directed to redact the social security number and date of birth on page 1 of Doc. 5.

**IT IS SO ORDERED**.

Dated August 7, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
